PER CURIAM.
The State correctly concedes that “[t]he conviction and sentence for aggravated assault should be vacated because the facts supporting the act charged, i.e., the co-defendant jammed the edge of the shotgun into the victim’s head immediately following the taking, constituted a continuous series of acts and events under the statutory definition of robbery”. See Section 812.13(3)(b), Florida Statutes (1987).
The State further agrees that “the other possession of a short-barreled shotgun conviction as charged in Count VI should be vacated because there was no record evidence establishing the defendant had either actual or constructive possession of the shotgun during the robbery”.
Lastly, the State correctly concedes that “the three-year minimum mandatory sentences for possession of a short-barreled shotgun and carrying a concealed firearm are not described under Section 775.087(2), Florida Statutes (1987) and, therefore, should be stricken from the sentencing orders”.
Accordingly, each of the convictions and sentences specifically referred to above must be reversed for the reasons stated. In all other respects, however, the trial court is affirmed.
Because the vacating and reversing of some of the offenses of which the defendant was convicted has an effect on the other sentences that the defendant received in connection with the offenses that we are affirming, this cause must also be remanded so that the trial court can prepare a new scoresheet, in light of the foregoing, and properly sentence the defendant for those convictions which are being affirmed herein.
Affirmed in part, reversed in part and remanded with directions.